[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR DISCLOSURE OF EXPERT WITNESS
When this case came to the Complex Litigation Docket in the spring of 2000, a scheduling order was entered with the agreement of all parties.[1] That order provided for disclosure of expert witnesses by January 12, 2001, approximately six months after the order was issued.
In March of 2001, plaintiff moved for a blanket three month extension of time for disclosure, and no one requested adjudication of that motion until July. Thereafter the court issued a decision denying that motion on July 23, 2001. In that decision the court recognized that counsel for plaintiff had started a new firm and indicated it would consider discreet requests to cover particular situations.
On July 27, plaintiff filed the instant motion, and requested adjudication on August 7, 2001. Parties usually do not file disclosure with the court, so the court was unaware in July of 2001 that no experts had ever been disclosed by plaintiff Plaintiff now wishes to disclose, for the first time, expert witnesses more than six months after the deadline has expired.
Jury selection will commence in this case on January 7, 2002. Since it is now apparent that plaintiff disclosed no experts at all, it is reasonable to conclude that defendants also disclosed no experts, or, if they have, will have to evaluate disclosing additional experts after deposing plaintiffs experts. Given the number of parties in this case, it is not reasonable to conclude that the court can permit this late disclosure (which does not comply with P.B. § 13-4.) and still have CT Page 11302 the case ready for jury selection approximately four months from now.
The motion is denied.
Koletsky, J.